B1 (Official Form 1)(12/11)

| **United States Bankruptcy Court**<br>**District of New Jersey** | **Voluntary Petition** |
| --- | --- |

| Name of Debtor (if individual, enter Last, First, Middle):<br>**De Lorenzo, Ernest Frank** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**De Lorenzo, Marlene** |
| --- | --- |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-3059** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-8322** |
| Street Address of Debtor (No. and Street, City, and State):<br>**61 Overlook Drive**<br>**Hackettstown, NJ**<br>ZIP Code **07840-4608** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**61 Overlook Drive**<br>**Hackettstown, NJ**<br>ZIP Code **07840-4608** |
| County of Residence or of the Principal Place of Business:<br>**Warren** | County of Residence or of the Principal Place of Business:<br>**Warren** |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| **Type of Debtor**<br>(Form of Organization) (Check one box)<br>■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | **Nature of Business**<br>(Check one box)<br>☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | **Chapter of Bankruptcy Code Under Which**<br>**the Petition is Filed** (Check one box)<br>☐ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>■ Chapter 13    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |
| --- | --- | --- |

| **Chapter 15 Debtors**<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box)<br>■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ☐ Debts are primarily business debts. |
| --- | --- | --- |

| **Filing Fee** (Check one box)<br>■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Chapter 11 Debtors**<br>Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| --- | --- |

| **Statistical/Administrative Information**<br>■ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
| --- | --- |

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(12/11)                                                                                              Page 2

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **De Lorenzo, Ernest Frank**<br>**De Lorenzo, Marlene** |

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>**X  /s/ Jonathan Stone**          **February 20, 2012**<br>Signature of Attorney for Debtor(s)          (Date)<br>**Jonathan Stone 023132002** |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

■   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(12/11)

# Voluntary Petition

*(This page must be completed and filed in every case)*

**Name of Debtor(s):**
**De Lorenzo, Ernest Frank**
**De Lorenzo, Marlene**

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  **/s/ Ernest F De Lorenzo**
Signature of Debtor  **Ernest Frank De Lorenzo**

X  **/s/ Marlene De Lorenzo**
Signature of Joint Debtor **Marlene De Lorenzo**

Telephone Number (If not represented by attorney)

**February 20, 2012**
Date

### Signature of Attorney*

X  **/s/ Jonathan Stone**
Signature of Attorney for Debtor(s)

**Jonathan Stone 023132002**
Printed Name of Attorney for Debtor(s)

**Jonathan Stone, Esq.**
Firm Name

**490 Schooley's Mountain Road - Bldg 3A**
**Hackettstown, NJ 07840-4002**

Address

                          **Email: jon@jonstonelaw.com**
**(908) 979-9919  Fax: (908) 979-9920**
Telephone Number

**February 20, 2012**
Date
*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## District of New Jersey

In re **Ernest Frank De Lorenzo**
**Marlene De Lorenzo**

Debtor(s)

Case No. _____

Chapter **13**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                                Page 2

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ Ernest F De Lorenzo**
                              **Ernest Frank De Lorenzo**

Date:   **February 20, 2012**

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## District of New Jersey

In re    **Ernest Frank De Lorenzo**
       **Marlene De Lorenzo**                       Case No.
                                   Debtor(s)      Chapter     **13**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                                    Page 2

&#9744; 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable
statement.] [Must be accompanied by a motion for determination by the court.]*
&#9744; Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or
mental deficiency so as to be incapable of realizing and making rational decisions with respect to
financial responsibilities.);
&#9744; Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being
unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or
through the Internet.);
&#9744; Active military duty in a military combat zone.

&#9744; 5. The United States trustee or bankruptcy administrator has determined that the credit counseling
requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **/s/ Marlene De Lorenzo**
_____
                        **Marlene De Lorenzo**

Date:    **February 20, 2012**
_____

B6 Summary (Official Form 6 - Summary) (12/07)

.

# United States Bankruptcy Court
## District of New Jersey

In re **Ernest Frank De Lorenzo,**
**Marlene De Lorenzo**

Case No. _____

_____,
Debtors

Chapter _____ **13** _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 192,000.00 | | |
| B - Personal Property | Yes | 4 | 77,000.16 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 251,688.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 4 | | 43,349.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 4,090.33 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 3,220.50 |
| Total Number of Sheets of ALL Schedules | | 16 | | | |
| Total Assets | | | 269,000.16 | | |
| Total Liabilities | | | | 295,037.00 | |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
## District of New Jersey

In re  **Ernest Frank De Lorenzo,**
**Marlene De Lorenzo**

Case No. _____

_____,
Debtors

Chapter _____ **13** _____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 4,090.33 |
| Average Expenses (from Schedule J, Line 18) | 3,220.50 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 1,625.33 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 59,688.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 43,349.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 103,037.00 |

B6A (Official Form 6A) (12/07)

.

In re      **Ernest Frank De Lorenzo,**                                                      Case No. _____

       **Marlene De Lorenzo**

                                          ,

                            Debtors

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Primary Residence:**<br>**61 Overlook Drive**<br>**Hackettstown, NJ 07840-4608** | **Fee simple** | **J** | **192,000.00** | **251,688.00** |

|  |  |
|---|---|
| Sub-Total >    **192,000.00** | (Total of this page) |
| Total >    **192,000.00** | |

  **0**   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

                Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

.

In re  **Ernest Frank De Lorenzo,**          Case No. _____
       **Marlene De Lorenzo**
                                                    ,
                           Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | **Cash** | J | **1,000.00** |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Peapack-Gladstone Bank account ending in - 1778** | J | **680.94** |
| | | **Sovereign Bank account ending in - 0650** | J | **702.00** |
| | | **Sovereign Bank account ending in - 7740** | J | **1,045.70** |
| | | **Sovereign Bank account ending in - 7399** | J | **10,264.90** |
| | | **PNC business checking account in name of DeLorenzo's Restaurant & Catering LLC ending in 8217.** | J | **5,506.62** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Household goods and furniture-no one item more than $550.00.** | J | **1,100.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Artwork, Pictures, and DVD's** | J | **300.00** |
| 6. Wearing apparel. | | **Clothing** | J | **500.00** |
| 7. Furs and jewelry. | | **Jewelry** | J | **800.00** |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **New York Life Term Life policy ending in - 426** | H | **0.00** |
| | | **New York Life Term Life Insurance policy ending in - 928** | W | **0.00** |

|  | Sub-Total > | **21,900.16** |
|---|---|---|
|  | (Total of this page) | |

__3__  continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re  **Ernest Frank De Lorenzo,**
        **Marlene De Lorenzo**

                                                                Case No. _____

                                               Debtors            ,

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | | **DeLorenzo's Restaurant and Catering, LLC 1210 Knox Avenue Easton, PA 18040 Each debtor owns 17.5% interest EIN#26-0739146 Full service restaurant and catering** | J | 52,500.00 |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

Sub-Total >        **52,500.00**
(Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com

B6B (Official Form 6B) (12/07) - Cont.

In re  **Ernest Frank De Lorenzo,**
    **Marlene De Lorenzo**
                                         ,
                               Debtors

Case No. _____

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | **NJ driver's license** | H | 0.00 |
| | | **NJ driver's license** | H | 0.00 |
| | | **Marriage license** | J | 0.00 |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1998 Q45 Infinity with 270,000 miles** | H | 500.00 |
| | | **2002 Cadillac Deville with 67,000 miles** | W | 2,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | **Computer and printer** | J | 100.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

Sub-Total >      **2,600.00**
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Ernest Frank De Lorenzo,**
      **Marlene De Lorenzo**
                                           ,     Case No. _____

                    Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

| | | |
|---|---|---|
| | Sub-Total > | **0.00** |
| | (Total of this page) | |
| | Total > | **77,000.16** |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

                              (Report also on Summary of Schedules)

B6C (Official Form 6C) (4/10)

.

In re    **Ernest Frank De Lorenzo,**                                            Case No. _____
**Marlene De Lorenzo**
_____ ,
Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                          $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter*
■ 11 U.S.C. §522(b)(2)                                                   *with respect to cases commenced on or after the date of adjustment.)*
☐ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Cash on Hand** | | | |
| **Cash** | 11 U.S.C. 522(d)(5) | 1,000.00 | 1,000.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Peapack-Gladstone Bank account ending in - 1778** | 11 U.S.C. § 522(d)(5) | 680.94 | 680.94 |
| **Sovereign Bank account ending in - 0650** | 11 U.S.C. § 522(d)(5) | 702.00 | 702.00 |
| **Sovereign Bank account ending in - 7740** | 11 U.S.C. § 522(d)(5) | 1,045.70 | 1,045.70 |
| **Sovereign Bank account ending in - 7399** | 11 U.S.C. § 522(d)(5) | 10,264.90 | 10,264.90 |
| **PNC business checking account in name of DeLorenzo's Restaurant & Catering LLC ending in 8217.** | 11 U.S.C. § 522(d)(5) | 5,506.62 | 5,506.62 |
| **Household Goods and Furnishings** | | | |
| **Household goods and furniture-no one item more than $550.00.** | 11 U.S.C. § 522(d)(3) | 1,100.00 | 1,100.00 |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| **Artwork, Pictures, and DVD's** | 11 U.S.C. § 522(d)(3) | 300.00 | 300.00 |
| **Wearing Apparel** | | | |
| **Clothing** | 11 U.S.C. § 522(d)(3) | 500.00 | 500.00 |
| **Furs and Jewelry** | | | |
| **Jewelry** | 11 U.S.C. § 522(d)(4) | 800.00 | 800.00 |
| **Interests in Partnerships or Joint Ventures** | | | |
| **DeLorenzo's Restaurant and Catering, LLC 1210 Knox Avenue Easton, PA 18040 Each debtor owns 17.5% interest EIN#26-0739146 Full service restaurant and catering** | 11 U.S.C. § 522(d)(5) | 4,749.84 | 52,500.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **1998 Q45 Infinity with 270,000 miles** | 11 U.S.C. § 522(d)(2) | 500.00 | 500.00 |
| **2002 Cadillac Deville with 67,000 miles** | 11 U.S.C. § 522(d)(2) | 2,000.00 | 2,000.00 |
| **Office Equipment, Furnishings and Supplies** | | | |
| **Computer and printer** | 11 U.S.C. § 522(d)(3) | 100.00 | 100.00 |
| | | | |
| | Total: | 29,250.00 | 77,000.16 |

__0__  continuation sheets attached to Schedule of Property Claimed as Exempt

B6D (Official Form 6D) (12/07)

In re **Ernest Frank De Lorenzo,**　　　　　　　　　　　　　　　　　　Case No. _____
**Marlene De Lorenzo**
　　　　　　　　　　　　　　　　　　　　　　　　　　　,
　　　　　　　　　　　　Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

　　　State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.
　　　List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.
　　　If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".
　　　If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)
　　　Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐　　Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxx3089 | | | Opened 2/01/06 Last Active 12/19/11 | | | | | |
| **Chase** **Chase Card Services** **Po Box 15298** **Wilmington, DE 19850** | | J | **Home Equity** **Primary Residence:** **61 Overlook Drive** **Hackettstown, NJ 07840-4608** | | | | | |
| | | | Value $　　　　192,000.00 | | | | **48,633.00** | **48,633.00** |
| Account No. | | | | | | | | |
| **Chase** **Po Box 901039** **Fort Worth, TX 76101** | | | **Representing:** **Chase** | | | | **Notice Only** | |
| | | | Value $ | | | | | |
| Account No. **De Lorenzo, Ernest and Marlene** | | | **Various** | | | | | |
| **Integra Management Corporation** **200 Valley Road, Suite 203** **Mount Arlington, NJ 07856** | | J | **Homeowner Association Fees** **Primary Residence:** **61 Overlook Drive** **Hackettstown, NJ 07840-4608** | | | | | |
| | | | Value $　　　　192,000.00 | | | | **0.00** | **0.00** |
| Account No. xxxxxxxxx5364 | | | Opened 9/01/05 Last Active 12/06/11 | | | | | |
| **Us Bank Home Mortgage** **777 E Wisconsin** **Milwaukee, WI 53202** | | J | **Mortgage** **Primary Residence:** **61 Overlook Drive** **Hackettstown, NJ 07840-4608** | | | | | |
| | | | Value $　　　　192,000.00 | | | | **203,055.00** | **11,055.00** |

**0**　 continuation sheets attached

|  | Subtotal (Total of this page) | 251,688.00 | 59,688.00 |
|---|---|---|---|
|  | Total (Report on Summary of Schedules) | 251,688.00 | 59,688.00 |

B6E (Official Form 6E) (4/10)

In re  **Ernest Frank De Lorenzo,**                                          Case No. _____
       **Marlene De Lorenzo**
                                                                    ,
                              Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**0**    continuation sheets attached

B6F (Official Form 6F) (12/07)

In re  **Ernest Frank De Lorenzo,**                                    Case No. _____
**Marlene De Lorenzo**
_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxxxxx4886  **Bank Of America Attention: Recovery Department 4161 Peidmont Pkwy. Greensboro, NC 27410** | | J | **Opened 10/01/03  Last Active  1/04/12 CreditCard - dispute as to late fees, over the limit charges and interest.** | | | | 10,591.00 |
| Account No.  **Bank Of America Po Box 982238 El Paso, TX 79998** | | | Representing: Bank Of America | | | | **Notice Only** |
| Account No. **delorenzo**  **ChexSystems 7805 Hudson Road Suite 100 Woodbury, MN 55125** | | J | **Various For notice purposes only** | | | | 0.00 |
| Account No. **delorenzo**  **Equifax Credit Information Services, Inc PO Box 740241 Atlanta, GA 30374** | | J | **Various For notice purposes only** | | | | 0.00 |

|  |  |  | Subtotal (Total of this page) | **10,591.00** |
|---|---|---|---|---|

__3__  continuation sheets attached

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                    S/N:33155-120216   Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re  **Ernest Frank De Lorenzo,**
   **Marlene De Lorenzo**
                                         ,
                        Debtors

Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C (Husband, Wife, Joint, or Community) | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **delorenzo**<br><br>**Experian**<br>**4 Gatehill Drive**<br>**3rd Floor**<br>**Parsippany, NJ 07054** | | J | **Various**<br>**For notice purposes only** | | | | 0.00 |
| Account No. **xxxxxxxxxxxx9407**<br><br>**Fia Csna/Bank of America**<br>**Attn: Bankruptcy**<br>**Po Box 15021**<br>**Wilmington, DE 19850** | | J | **Opened  9/01/04  Last Active  1/04/12**<br>**CreditCard - dispute as to late fees, over the limit charges and interest.** | | | | 14,915.00 |
| Account No.<br><br>**Fia Csna/Bank of America**<br>**Po Box 982238**<br>**El Paso, TX 79998** | | | **Representing:**<br>**Fia Csna/Bank of America** | | | | Notice Only |
| Account No. **xxxxxxxxxxxx4511**<br><br>**Garden Savings Fcu**<br>**129 Littleton Rd**<br>**Parsippany, NJ 07054** | | J | **Opened 12/01/00  Last Active 12/19/11**<br>**CreditCard - dispute as to late fees, over the limit charges and interest.** | | | | 1,458.00 |
| Account No. **xxxxxxxxxxxx5026**<br><br>**Hsbc Bank**<br>**Attn: Bankruptcy**<br>**Po Box 5213**<br>**Carol Stream, IL 60197** | | J | **Opened  8/13/01  Last Active 12/30/11**<br>**CreditCard - dispute as to late fees, over the limit charges and interest.** | | | | 7,854.00 |

Sheet no. __1__ of __3__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

24,227.00

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com

B6F (Official Form 6F) (12/07) - Cont.

In re  **Ernest Frank De Lorenzo,**
       **Marlene De Lorenzo**

Case No. _____

_____,
                              Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | Representing: | | | | |
| **Hsbc Bank**<br>**Po Box 5253**<br>**Carol Stream, IL 60197** | | | Hsbc Bank | | | | **Notice Only** |
| Account No. **xxxxxxxxxxxx3829** | | H | Opened 7/01/03  Last Active  1/05/12<br>CreditCard - dispute as to late fees, over the limit charges and interest. | | | | |
| **Hsbc/bontn**<br>**Hsbc Retail Services/Attn: Bankruptcy**<br>**Po Box 5213**<br>**Carol Stream, IL 60197** | | | | | | | **566.00** |
| Account No. | | | Representing: | | | | |
| **Hsbc/bontn**<br>**Po Box 15221**<br>**Wilmington, DE 19850** | | | Hsbc/bontn | | | | **Notice Only** |
| Account No. **xxxxxxxxxxxx8633** | | J | Opened  8/01/09  Last Active 12/25/11<br>CreditCard - dispute as to late fees, over the limit charges and interest. | | | | |
| **Sams Club / GEMB**<br>**Attention:  Bankruptcy Department**<br>**Po Box 103104**<br>**Roswell, GA 30076** | | | | | | | **1,233.00** |
| Account No. | | | Representing: | | | | |
| **Sams Club / GEMB**<br>**Po Box 965005**<br>**Orlando, FL 32896** | | | Sams Club / GEMB | | | | **Notice Only** |

Sheet no. __**2**__ of __**3**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**1,799.00**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Ernest Frank De Lorenzo,**
    **Marlene De Lorenzo**
                                    ,
                           Debtors

Case No. _____

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxxxxxx1722**<br><br>**Sovereign Bk**<br>**Mc: 10-6438-Cc7**<br>**601 Penn St.**<br>**Reading, PA 19601** | | J | **Opened  3/01/98  Last Active 12/16/11**<br>**CreditCard - dispute as to late fees, over the limit charges and interest.** | | | | **1,595.00** |
| Account No.<br><br>**Sovereign Bk**<br>**865 Brook St**<br>**Rocky Hill, CT 06067** | | | **Representing:**<br>**Sovereign Bk** | | | | **Notice Only** |
| Account No. **delorenzo**<br><br>**Transunion**<br>**2 Baldwin Place**<br>**PO Box 2000**<br>**Chester, PA 19022** | | J | **Various**<br>**For notice purposes only** | | | | **0.00** |
| Account No. **xxxxxxxxxxx4423**<br><br>**Wells Fargo Bank**<br>**Po Box 14517**<br>**Des Moines, IA 50306** | | J | **Opened  8/01/09  Last Active  1/06/12**<br>**CreditCard - dispute as to late fees, over the limit charges and interest.** | | | | **5,137.00** |
| Account No. | | | | | | | |

Sheet no. __**3**__ of __**3**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)      **6,732.00**

Total
(Report on Summary of Schedules)      **43,349.00**

B6G (Official Form 6G) (12/07)

.

In re   **Ernest Frank De Lorenzo,**                                    Case No. _____
        **Marlene De Lorenzo**
_____,
                        Debtors

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                      Best Case Bankruptcy

2/20/12  2:13PM

B6H (Official Form 6H) (12/07)

.

In re    **Ernest Frank De Lorenzo,**                                                          Case No. _____
       **Marlene De Lorenzo**
_____,
                                          Debtors

# SCHEDULE H - CODEBTORS

     Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

**0**
_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                                          Best Case Bankruptcy

B6I (Official Form 6I) (12/07)

In re   **Ernest Frank De Lorenzo**
**Marlene De Lorenzo**                                    Case No.
_____
Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S): **None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Co-Owner** | **Co-Owner** |
| Name of Employer | **De Lorenzo's Restaurant & Catering, LLC** | **De Lorenzo's Restaurant & Catering, LLC** |
| How long employed | **4 years** | **4 years** |
| Address of Employer | **1210 Knox Avenue** **Easton, PA 18040-8322** | **1210 Knox Avenue** **Easton, PA 18040-8322** |

| INCOME:  (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions  (Prorate if not paid monthly) | $ | **0.00** | $ | **0.00** |
| 2. Estimate monthly overtime | $ | **0.00** | $ | **0.00** |
| 3. SUBTOTAL | $ | **0.00** | $ | **0.00** |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
| a.  Payroll taxes and social security | $ | **0.00** | $ | **0.00** |
| b.  Insurance | $ | **0.00** | $ | **0.00** |
| c.  Union dues | $ | **0.00** | $ | **0.00** |
| d.  Other (Specify):   **Medicare from SSI** | $ | **96.50** | $ | **96.50** |
| | $ | **0.00** | $ | **0.00** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **96.50** | $ | **96.50** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | **-96.50** | $ | **-96.50** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | **375.00** | $ | **0.00** |
| 8. Income from real property | $ | **0.00** | $ | **0.00** |
| 9. Interest and dividends | $ | **0.00** | $ | **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | **0.00** | $ | **0.00** |
| 11. Social security or government assistance (Specify):   **Social Security** | $ | **1,897.50** | $ | **760.50** |
| | $ | **0.00** | $ | **0.00** |
| 12. Pension or retirement income | $ | **1,250.33** | $ | **0.00** |
| 13. Other monthly income (Specify): | $ | **0.00** | $ | **0.00** |
| | $ | **0.00** | $ | **0.00** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | **3,522.83** | $ | **760.50** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | **3,426.33** | $ | **664.00** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ | **4,090.33** | | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
   **None expected.**

B6J (Official Form 6J) (12/07)

In re  **Ernest Frank De Lorenzo**
         **Marlene De Lorenzo**                                                    Case No. _____
                                  Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 0.00 |
| a. Are real estate taxes included?          Yes ___          No **X** | | |
| b. Is property insurance included?          Yes ___          No **X** | | |
| 2. Utilities:   a. Electricity and heating fuel | $ | 275.00 |
|       b. Water and sewer | $ | 37.50 |
|       c. Telephone | $ | 79.00 |
|       d. Other  **Cable** | $ | 155.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 530.00 |
| 5. Clothing | $ | 0.00 |
| 6. Laundry and dry cleaning | $ | 100.00 |
| 7. Medical and dental expenses | $ | 135.00 |
| 8. Transportation (not including car payments) | $ | 650.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| 10. Charitable contributions | $ | 20.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|       a. Homeowner's or renter's | $ | 50.00 |
|       b. Life | $ | 272.00 |
|       c. Health | $ | 282.00 |
|       d. Auto | $ | 257.00 |
|       e. Other  **Prescription Insurance** | $ | 54.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|       (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|       a. Auto | $ | 0.00 |
|       b. Other | $ | 0.00 |
|       c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other  **On Star** | $ | 33.00 |
|    Other  **Home Owner Association** | $ | 291.00 |

| | | |
|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 3,220.50 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:
**None expected.**

| 20. STATEMENT OF MONTHLY NET INCOME | | |
|---|---|---:|
| a.   Average monthly income from Line 15 of Schedule I | $ | 4,090.33 |
| b.   Average monthly expenses from Line 18 above | $ | 3,220.50 |
| c.   Monthly net income (a. minus b.) | $ | 869.83 |

**B6 Declaration (Official Form 6 - Declaration). (12/07)**

# United States Bankruptcy Court
## District of New Jersey

In re **Ernest Frank De Lorenzo**
**Marlene De Lorenzo**

Debtor(s)

Case No.

Chapter    **13**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___**18**___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **February 20, 2012**            Signature   **/s/ Ernest F De Lorenzo**
**Ernest Frank De Lorenzo**
Debtor

Date  **February 20, 2012**            Signature   **/s/ Marlene De Lorenzo**
**Marlene De Lorenzo**
Joint Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
### District of New Jersey

In re    **Ernest Frank De Lorenzo**
     **Marlene De Lorenzo**                                    Case No. _____

                                   Debtor(s)    Chapter    **13** _____

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $3,795.00 | 2012 - Debtor - Year to date social security through February 29, 2011. |
| $1,521.00 | 2012 - Co-Debtor - Year to date social security through February 29, 2011. |
| $1,031.12 | 2012 - Debtor - ALA University Pension payments through February 29, 2012. |
| $1,469.54 | 2012 - Debtor - Inter-Local Pension Fund payments through February 29, 2012. |
| $13,300.00 | 2011 - Debtor - Income from operation of business through December 31, 2011. |
| $22,770.00 | 2011 - Debtor - Year to date social security per 2011 SSA-1099. |
| $9,126.00 | 2011 - Co-Debtor - Year to date social security per 2011 SSA-1099. |
| $6,186.72 | 2011 - Debtor - ALA University Pension payments through December 31, 2011. |
| $8,817.24 | 2011 - Debtor - Inter-Local Pension Fund payments through December 31, 2011. |

2

| AMOUNT | SOURCE |
|---|---|
| **$57,689.00** | **2010 - Total income from line 22 of Form 1040.** |

### 2. Income other than from employment or operation of business

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|

### 3. Payments to creditors

None
■

*Complete a. or b., as appropriate, and c.*

a.   *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments to either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
■

b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4.  Suits and administrative proceedings, executions, garnishments and attachments

None
■

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None
■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5.  Repossessions, foreclosures and returns**

None
■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6.  Assignments and receiverships**

None
■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7.  Gifts**

None
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8.  Losses**

None
☐

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| **$9,000.00 - Gambling** | **Showboat Casino** | **2011** |

Software Copyright (c) 1996-2012 CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Jonathan Stone, Esq. 490 Schooley's Mountain Road - Bldg 3A Hackettstown, NJ 07840-4002** | **December 19, 2011** | **$2,336.00, of which $1,800.00 is for professional fees, $281.00 for court filing fees, $50.00 for the credit report, $80.00 for debtor education courses, $80.00 for the judgment search, $25.00 for the post bankruptcy discharge package and $20.00 for the current market analysis.** |

**10. Other transfers**

None
■

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None
☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **JP Morgan Chase Bank, N.A. Mountain Avenue Hackettstown, NJ 07840** | **Chase checking account ending in - 2714 with a final balance of $71.88.** | **December 2011 with a final balance of $71.88.** |

**12. Safe deposit boxes**

None ■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None ■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None ■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None ■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None ■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■   b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■   c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None □   a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **DeLorenzo's Restaurant and Catering, LLC** | **26-0739146** | **1210 Knox Avenue Easton, PA 18040-8322** | **Restaurant** | **September 2007 - Present** |

None ■   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None □   a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                          DATES SERVICES RENDERED
**Depalantino & Company CPA**                             **2009, 2010, 2011**
**19 Short Road**
**Doylestown, PA 18901**

**None** ■   b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

**None** ■   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|

**None** ■   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

### 20. Inventories

**None** ■   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

**None** ■   b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

### 21 . Current Partners, Officers, Directors and Shareholders

**None** □   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|
| **Cheryl Yannuzzelli**<br>**3260 Rocky Lane**<br>**Easton, PA 18042** | **Co-Owner** | **32.5%** |
| **Gino Yannuzzelli**<br>**3260 Rocky Lane**<br>**Easton, PA 18042** | **Co-Owner** | **32.5%** |
| **Ernest Frank De Lorenzo**<br>**61 Overlook Drive**<br>**Hackettstown, NJ 07840-4608** | **Co-Owner** | **17.5%** |
| **Marlene De Lorenzo**<br>**61 Overlook Drive**<br>**Hackettstown, NJ 07840-4608** | **Co-Owner** | **17.5%** |

**None** ■   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

### 22 . Former partners, officers, directors and shareholders

**None** ■   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

8

None ■ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

**23 . Withdrawals from a partnership or distributions by a corporation**

None ■ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None ■ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

**25. Pension Funds.**

None ■ If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **February 20, 2012**          Signature  **/s/ Ernest F De Lorenzo**
                                                **Ernest Frank De Lorenzo**
                                                Debtor

Date  **February 20, 2012**          Signature  **/s/ Marlene De Lorenzo**
                                                **Marlene De Lorenzo**
                                                Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# United States Bankruptcy Court
## District of New Jersey

In re  **Ernest Frank De Lorenzo**
**Marlene De Lorenzo**
_____    Case No. _____
Debtor(s)    Chapter    **13**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept ............................................... $ _____ **3,500.00**

Prior to the filing of this statement I have received .......................... $ _____ **1,800.00**

Balance Due ................................................................................ $ _____ **1,700.00**

2.  $ __**281.00**__ of the filing fee has been paid.

3.  The source of the compensation paid to me was:

   ■ Debtor    ☐ Other (specify):

4.  The source of compensation to be paid to me is:

   ■ Debtor    ☐ Other (specify):

5.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
   **The obligations of the attorney under the legal services or retainer agreement is contingent upon the debtor's truthful disclosure of his/her financial status (e.g. assets and liabilities). The attorney reserves the right to cancel the retainer agreement if the debtor fails to cooperate or truthfully disclose his/her financial status.**

   **Tax preparation is subject to an additional fee and if undertaken, debtor(s) shall read and sign a conflict of interest waiver. Said waiver reviews the four elements under the Rules of Professional Conduct 1.7(a)(2)(b) and where a conflict could arise. The attorney shall retain the signed waiver and such waiver shall be available for inspection, upon request.**

7.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Defense or prosecution of motions of any type, filing amendments to any schedule or any part of the petition, representation in adversarial proceedings, contested matters, negotiations with secured creditors to reduce to market value, exemption planning or preparation and filing of reaffirmation agreements. The above referenced retainer fee does not include charges associated with additional services not mentioned herein, appearances required as a result of the debtor's failure to attend any scheduled court hearing date or a response to audit or a United States Trustee objection to case. See attached retainer agreement for further details.**

In re    **Ernest Frank De Lorenzo**
       **Marlene De Lorenzo**                    Case No. _____

                          Debtor(s)

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)
## (Continuation Sheet)

| CERTIFICATION |
| --- |

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:    **February 20, 2012**              **/s/ Jonathan Stone**
                                           **Jonathan Stone 023132002**
                                           **Jonathan Stone, Esq.**
                                           **490 Schooley's Mountain Road - Bldg 3A**
                                           **Hackettstown, NJ 07840-4002**
                                           **(908) 979-9919   Fax: (908) 979-9920**
                                           **jon@jonstonelaw.com**



## *Jonathan Stone*
### ATTORNEY AT LAW
#### CERTIFIED PUBLIC ACCOUNTANT

## CONTRACT FOR CHAPTER 13 BANKRUPTCY SERVICES

This Agreement is executed this Tuesday, December 13, 2011, by and between The Law Offices of Jonathan Stone, (the Attorney) and Ernest Frank De Lorenzo and Marlene De Lorenzo (the Debtor, whether one or more parties). The parties agree as follows:

1. **Type of Bankruptcy.**

Debtor retains attorney to file a Chapter 13 bankruptcy case. You have not hired us to defend any state court action filed or served upon you, nor will we pursue any appeal on your case. If the Debtor determines at a later date that the Debtor desires to file a Chapter 7 bankruptcy case, the parties shall execute a new fee contract setting forth the terms of such representation. If Debtor elects to convert the Chapter 13 case to a Chapter 7 case, then Attorney shall be under no duty to prepare and file the necessary court papers until the new fee agreement has been signed and the agreed upon fees paid.

2. **Base Attorney Fees.**

The base attorney fee for filing the Chapter 13 bankruptcy case is $3,500.00. The Debtor shall be obligated to pay $1,800.00 of the base fee as an "up front" payment plus third party costs. The remaining $1,700.00 of the base fee shall be added to and paid through the Chapter 13 plan. The services of the attorney included in the base fee are those normally contemplated for a Chapter 13 case. They include the services listed below:

   (a)   Preparation and electronic filing of petition, schedules, Chapter 13 Plan and mailing matrix.
   (b)   Drafting and mailing to you a letter regarding your attendance at the Meeting of Creditors ("341") meeting and your other responsibilities.
   (c)   Preparation for and attendance at 341 meeting.
   (d)   Review of order confirming plan and periodic case status reports from the Chapter 13 trustee.
   (e)   Review of trustee's motion for allowance of claims.
   (f)   Maintaining custody and control of the case file.
   (g)   Service of orders on all affected parties.
   (h)   Verification of your identity and social security number
   (i)   Defending objections to confirmation of your Chapter 13 Plan, excluding the preparation and filing of a memorandum of law in support of same.

We are a federally designated debt relief agent, proudly helping people file for relief under the Bankruptcy Code.

[1 of 12]



# *Jonathan Stone*
## ATTORNEY AT LAW
### CERTIFIED PUBLIC ACCOUNTANT

The $1,800.00 up front payment of the base fee plus third party costs shall be paid in full prior to filing the bankruptcy petition. This can be broken down in partial payments. Full payment is required to commence work on the file. Partial payments are expected in thirty (30) day increments. If the Attorney has not received a payment in the 30 days, then your file may be closed and may be charged a $250.00 fee to reopen your file.

The base fee shall also include the following services to the extent they are requested or reasonably necessary for your effective representation:

(a)    Preparation and filing of proofs of claim on your behalf for your creditors.
(b)    Assumptions and rejections of unexpired leases and executory contracts.
(c)    Requesting copies of proofs of claim from Trustee.
(d)    Consultation with you regarding obtaining post-petition credit (no motion filed).
(e)    Obtaining and providing the Trustee with copies of documents relating to lien perfection issues.
(f)    Providing you with a list of answers to frequently asked questions and other routine communications with you.

3.    **Non-Base Attorney Fees.**

In some Chapter 13 cases, the legal services which are beyond those contemplated in the base fee must nonetheless be provided by the Attorney. These legal services are also listed below:

(a)    Abandonment of property post–confirmation.
(b)    Drafting and filing objections to scheduled and unscheduled proofs of claim.
(c)    Preparation for and attendance at valuation hearings.
(d)    Motions to transfer venue.
(e)    Calculation of plan payment modifications.
(f)    Motions to avoid liens.
(g)    Adding creditor address to mailing matrix as necessary.
(h)    Responding to written creditor contacts regarding plan terms, valuation of collateral, claim amounts and the like.
(i)    Responding to your contacts regarding changes in your financial and personal circumstances and advising the Court and Trustee of the same.
(j)    Communicating with you regarding payment defaults, insurance coverage, credit disability and the like.

We are a federally designated debt relief agent, proudly helping people
file for relief under the Bankruptcy Code.
[2 of 12]

Initials

# *Jonathan Stone*
## ATTORNEY AT LAW
### CERTIFIED PUBLIC ACCOUNTANT

(k)  Notifying creditors by certified mail of alleged violations of the automatic stay.
(l)  Motion for moratorium.
(m)  Motion for authority to sell property.
(n)  Motion to modify.
(o)  Motion to use cash collateral or to incur credit.
(p)  Defense of motion for relief from stay or co-debtor stay.
(q)  Defense of motion to dismiss filed after confirmation of your plan.
(r)  Non–base fee requests.
(s)  Stay violation litigation, including amounts paid as fees by the creditor or other party.
(t)  Post-discharge injunction actions.
(u)  Adversary proceedings.
(v)  Wage garnishment orders.
(w)  Conversion to Chapter 7.
(x)  Subsequent meeting of creditors due to the failure of Debtor to appear.
(y)  Post–petition communication or negotiation with creditors, including home owner associations, divorce proceedings, tax controversies, or any other non-core bankruptcy matters.
(z)  Loss mitigation.
(aa)  Any other matter not covered by the base fee.

For such non-base services, you may be charged without any further notice and in the discretion of the Court non-base fees for the following services and in the amounts noted:

- Prosecution of routine motion on behalf of debtor .......... $500.00
- Defense of routine motion on behalf of debtor (Including filing Objection to Creditor's or Trustee's Certification of Default) .......... $400.00
- Filing and appearance on a modified Chapter 13 Plan .......... $300.00
- Preparation and filing of Application for Retention of Professional .......... $200.00
- Preparation and filing of Notice of Sale or Settlement of Controversy .......... $100.00
- Preparation of Wage Order .......... $100.00
- Subsequent meeting of creditors (341) and other court appearances not covered by base fee:

We are a federally designated debt relief agent, proudly helping people file for relief under the Bankruptcy Code.
[3 of 12]





| | | |
|---|---|---|
| * | Court Time | $325.00 p/h |
| * | Travel Time | $162.50 p/h |
| * | Mileage | $.60 per mile or IRS guidelines, whichever is higher |
| * | Parking | Actual cost |

The Attorney, in his discretion, may also keep time and expense records for any non-base service and apply to the Court for the approval of the fee plus all expenses incurred. The current hourly fee for the Attorney is $325.00, $135.00 for the Paralegal or Office Manager, $125.00 for the Senior Bankruptcy Specialist, $110.00 for Bankruptcy Specialist and $85.00 for Staff time. These rates are subject to change. The minimum charge for telephone calls is .2 hours. The balance of the base and non-base fees will be added to your plan (unless paid directly by Debtor or a third-party such as a creditor in a contested case) and will be paid through the plan. **It is possible that any non-base fees added to your plan may result in an increase in your monthly plan payment or in an extension of the length of your plan or both.**

4.      **Expenses.**

The Attorney shall be entitled to apply to the Court for approval of any expenses related to your case for base fee or non-base fee services. Such expenses include but are not limited to court fees, telephone fees, and fax fees, copy fees $.20 per copy, postage fees, PACER fees, and electronic or other research fees.

5.      **Court Approval of Fees.**

All fees included in this Agreement are subject to the control of the United States Bankruptcy Court for the District of New Jersey. Any changes in the presumed non-base fees by the Court shall be deemed to immediately modify and amend the terms and conditions of this Agreement as to the non-base fees and shall be incorporated herein by this reference. Any subsequent increase in the base fees by the Court shall have no impact on the original base fee provided for in this Agreement.

We are a federally designated debt relief agent, proudly helping people file for relief under the Bankruptcy Code.
[4 of 12]

# *Jonathan Stone*
## ATTORNEY AT LAW
### CERTIFIED PUBLIC ACCOUNTANT

6.      **Assumptions for the Base Fee.**

The base fee is based on the following assumptions:
(a)     The Debtor has provided the Attorney with all requested information.
(b)     The Debtor has provided the Attorney with complete and accurate information.
(c)     The Debtor's circumstances, especially the Debtor's current monthly income (as defined by the Bankruptcy Code) does not substantially change prior to the filing of the case.
(d)     The Debtor will provide all requested documents within 15 days of the date of this Agreement.
(e)     **Unless otherwise agreed in writing, this Agreement expires at 120 days from signing.**

7.      **Costs and Expenses to be Paid Directly by Debtor.**

The Debtor shall pay all costs related to the filing of the bankruptcy case. These costs include the court filing fee of $281.00; the costs of mandatory pre-filing credit counseling, which is $40.00 per household; the mandatory post-filing educational course, which is $40.00 per household; the credit report which is $30.00 individual and $50.00 joint; judgment search fee of $40.00 per person; IRS tax transcript $11.00 plus $4.50 per return; $20.00 for a Current Market Analysis; $25.00 for the post-discharge bankruptcy package provided by CIN Legal; and any other costs as agreed to by the parties. There shall be a redeposit fee of $35.00 for any bounced check, plus a $12.00 fee imposed by the Firm's bank. A $100.00 office supplies and storage costs shall be waived upon filing the bankruptcy petition. The total upfront costs for a Joint Debtor (Husband and Wife) Chapter 13 are $536.00 (not including IRS tax transcript cost). The total upfront cost for an Individual Chapter 13 is $476.00 (not including IRS tax transcript cost).

8.      **Additional Fees for Failure to Attend or Cancel an Office Appointment**

A missed appointment prevents our practice from providing advice to other Debtors with serious financial needs who could have been scheduled into a canceled appointment timeslot.

a.      Appointments canceled or rescheduled more than 24 hours prior to the date of the scheduled appointment are not included in this policy.

We are a federally designated debt relief agent, proudly helping people
file for relief under the Bankruptcy Code.
[5 of 12]


Initials

# *Jonathan Stone*
## ATTORNEY AT LAW
### CERTIFIED PUBLIC ACCOUNTANT

b. Debtors canceling their appointments within 24 hours of the scheduled visit or not showing for the scheduled appointment may be charged a missed appointment fee of $100.00 and shall be treated as an office expense. Office staff will contact the Debtors who miss an appointment to inquire as to the reason. We understand that events can occur unexpectedly and will take that into consideration before charging a missed appointment fee.

c. Debtors who miss three appointments may be discharged from the law firm at the discretion of the Attorney.

d. If the Debtors do not show up on time for the appointment, the Debtors understand that the Law Firm may not be able to honor an appointment. If the Debtors show up more than 15 minutes late, then the Debtors may be billed as if the Debtor did not show up for the appointment.

9.    **First Payment.**

The Debtor must be in a position to make the first full Chapter 13 monthly plan payment at the time the Debtor signs the Chapter 13 petition. This payment must be made by the first day of the month following the filing of the petition.

10.    **Subsequent Payments.**

The Debtor acknowledges that the monthly plan payment as calculated at the time of filing the petition is only an estimate. The monthly payment is independently calculated by the Trustee's Office and said payment usually increases.

11.    **Mortgage Payments.**

The Debtor acknowledges that the contract mortgage payments on residential real estate cannot be reduced under the Bankruptcy laws but will be paid by including only the pre-filing arrears or back payments in the plan, with the Debtor being responsible for making all future mortgage payments directly to the mortgage company.

12.    **Debtor's Obligations.**

The Debtor's obligations are as follows:

(a)    To provide the Attorney with all requested documents, bills statements, payment advices, bank records, tax returns, tax bills, appraisals, retirement

We are a federally designated debt relief agent, proudly helping people
file for relief under the Bankruptcy Code.
[6 of 12]

*Initials*



# Jonathan Stone
## ATTORNEY AT LAW
### CERTIFIED PUBLIC ACCOUNTANT

and savings accounts and income information and to sign any and all
necessary forms to allow the Attorney to secure such documentation.

(b) To provide accurately and honestly all of the information necessary to
prepare and file the Chapter 13 bankruptcy case, and other motions or
proceedings arising during the course of the case.

(c) To timely respond to all letters, emails and telephone calls from the
Attorney or any member of his staff.

(d) To keep the Attorney advised at all times of the Debtor's mailing and
physical addresses, telephone numbers, and email addresses.

(e) To appear at the first meeting of creditors (the 341 meeting) and at any
other court hearings or meetings as may be required by the Court or any
other party.

(f) To keep all scheduled office appointments with the Attorney and to notify
the Attorney in advance of any problems with the timing and scheduling or
rescheduling of such appointments.

(g) To contact the attorney by Telephone with the understanding that the
Attorney is only able to return calls between the hours of 5:00 p.m. to 8:00
p.m. If the Attorney is available when the call is actually received, then the
call will be taken at that time. However, if you have to leave a message for
the Attorney, then you must provide a number that you can be reached at
during the designated time. The Attorney, Paralegal, Office Manager or
other Staff ("Team Member") will make every effort to return all such
telephone calls within 48 hours, excluding weekends and holidays.

(h) To provide any information requested of the Debtor by the Chapter 13
Trustee, or any other party in the case, unless the Court rules that the
Debtor is not required to provide such information.

(i) To respond as soon as possible to any requests for the Debtor by the
Attorney or other Team Member.

(j) To sign a tax authorization form to authorize the Attorney to obtain copies
of income tax returns from the respective taxing agencies for a period of
four (4) years prior to the filing of your bankruptcy case.

(k) To provide current bank account information to include monthly
statements as requested and online account balances as of the date of the
signing of your bankruptcy petition.

We are a federally designated debt relief agent, proudly helping people
file for relief under the Bankruptcy Code.
[7 of 12]





*Jonathan Stone*
ATTORNEY AT LAW
CERTIFIED PUBLIC ACCOUNTANT

13.    **Attorney Withdrawal from Chapter 13 Case, Adversary Proceeding or Contested Matter.**

      Pursuant to the Local Rules of the Bankruptcy Court, the Attorney shall remain the responsible attorney of record for the Debtor in all matters in the case until the case is closed, dismissed or the discharge is entered or until the Attorney is relieved from such representation by order of the Court.  The parties agree that just reasons for the Attorney to withdraw from the representation of the Debtor include, but are not limited to the following:

    (a)    The failure of the Debtor to provide complete, truthful and accurate information to the Attorney.

    (b)    The failure of the Debtor to comply with the Debtor's obligations as provided for in this Agreement and in the Local Rules.

    (c)    The failure of the Debtor to comply with any of the obligations imposed on the Debtor by the Bankruptcy Code and the Bankruptcy Rules.

    (d)    The failure or refusal of the Debtor to comply with the Debtor's obligations to provide any supplemental information to the Court or to the Chapter 13 Trustee or to correct any incorrect or incomplete information previously provided to the Court or the Trustee.

    (e)    The failure of the Debtor to provide complete, truthful and accurate information to the Court, or the Chapter 13 Trustee.

    (f)    If the Debtors are husband and wife, then any separation, serious domestic dispute, or divorce of the parties.

    (g)    Any irreconcilable conflict between the Attorney and the Debtor with respect to the case.

    (h)    Client verbal abuse of Attorney or Team Member in person, or by phone, or other rude, hostile or other inappropriate demeanor or communication to Attorney or Team Member.

    (i)    Any other fact, request or conduct that would render Attorney's continuing representation unfeasible, futile, unlawful or unethical.

    (j)    Upon withdrawal with client's consent or for cause, all unpaid balances due for fees and costs shall be immediately payable.

14.    **Termination of Agreement.**

      If you choose not to complete this Agreement or the case is not filed within four (4) months from the date of this agreement, you agree that our employment is terminated and any sums paid may be retained as reasonable compensation for services already rendered. This agreement may be terminated for any reasons set forth in the New Jersey Rules of

We are a federally designated debt relief agent, proudly helping people
file for relief under the Bankruptcy Code.



# *Jonathan Stone*
### ATTORNEY AT LAW
#### CERTIFIED PUBLIC ACCOUNTANT

Professional Conduct ("RPC"), including RPC 1.16. We agree that this agreement will terminate on the date of the issuance of your discharge by the Court.

15.     **Client Access to File.**

During the period that the Attorney represents the Debtor or otherwise providing legal services in connection with the Chapter 13 Bankruptcy, it is agreed that the Attorney shall have sole control over access to documents contained in the file. In the event the Debtor wishes to review the file, such review shall be done in the presence and with the assistance of the Attorney or his staff. The Debtor my remove documents from the file only at the sole discretion of the Attorney. The Attorney agrees to not unreasonably withhold the Debtor's access to the file or provide copies. Debtor further consents to the destruction of any documents left with the Attorney.

16.     **Advice Between Spouses and Communication with Non-Filing Spouse.**

The Debtor acknowledges that the Attorney or other Team Member cannot take sides in any dispute between spouses regarding any matter affecting either or both of them. The Debtors waive any conflict of interest that may arise in regard to such dispute. It is agreed that any information communicated to one spouse by the Attorney or other Team Member shall be deemed communicated to both spouses. If only one spouse files for bankruptcy, then the Debtor gives the Law Firm consent to communicate with and treat the non-filing spouse as if he or she has jointly filed with the Debtor unless informed otherwise in writing.

17.     **Collection Costs.**

In the event the Attorney institutes any action or proceeding against the Debtor to collect unpaid balances due pursuant to this agreement, the Attorney shall be entitled to collect an amount equal to the amount due, all court costs, plus twenty (20%) percent of the outstanding amount as a collection fee, pursuant to *First Morris Bank v. Roland Offset Services*, 357 N.J. Super. 68 (App. Div. 2003). In no event shall the collection fee be less than $450.00, pursuant to *Hrycak v. Kiernan*, 367 N.J. Super. 237 (App. Div. 2004). The collection fee shall be imposed upon the Attorney mailing to Debtor the "Pre-action Notice to Client", as required under Rule 1:20A-6 of the Rules Governing the Courts of New Jersey. Interest shall accrue at an annual rate of eighteen (18%) percent, as set forth in *Loigman v. Kcim*, 250 N.J. Super 434 (Law Div. 1991). Interest is calculated daily based on a 360 day year, thirty (30) days after Attorney mails an invoice.

*We are a federally designated debt relief agent, proudly helping people
file for relief under the Bankruptcy Code.*



Initials



*Jonathan Stone*

ATTORNEY AT LAW

CERTIFIED PUBLIC ACCOUNTANT

18.   **No Guarantee.**

I agree to provide conscientious, competent and diligent services and at all times will seek to achieve solutions that are just and reasonable for you. However, because of the uncertainty of legal proceedings, the interpretation and changes in the law and many unknown factors, I cannot and do not warrant, predict or guarantee results or the final outcome of any case or any negative repercussions of filing for bankruptcy. My comments about the outcome of your case are expressions of opinion only. The Attorney shall not be required under this Agreement to represent Client in an appeal of any decision, represent Client in a motion for reconsideration or modification or represent Client in any proceedings in any other lawsuits, actions or other proceedings arising out of his or her conduct in this case, or any other case.

19.   **Refund of Percentage of Base Fee.**

In the event the legal services provided for herein are terminated by either party prior to the filing of a Chapter 13 bankruptcy case, or if for whatever reason the bankruptcy does not occur, then the Debtor may be entitled to a refund of some of the base fee. All monies received shall first be allocated to the base fee. The refund shall be determined by the number of hours devoted by Attorney to the case prior to the time of termination computed at the rate of $325.00 per hour; by the time devoted to the case by the Paralegal or Office Manager computed at the rate of $135.00 per hour; by the time devoted to the case by the Senior Bankruptcy Specialist computed at the rate of $125.00 per hour; by the time devoted to the case by the Bankruptcy Specialist at a rate of $110.00 per hour; and by the time devoted to the case by other staff at the rate of $85.00 per hour; by $100.00 to review the invoice and issue the refund check; by adding all expenses incurred (such as copies, postage, securing records and documents, tax transcripts, credit reports, debit card fees, credit card fees if paid by a third party, etc); by adding $100.00 for office supplies and storage costs; and then by deducting the total amount of all charges from the Base Fee. Should the invoice exceed the amount received by the Debtor, the balance will be due within ten (10) days from the date of invoice. The final review is defined as the scheduled meeting with the Attorney to review the petition just prior to filing same with the Bankruptcy Court. Notwithstanding the above, if the Debtor cancels the meeting, misses the meeting or arrives late to the meeting, all professional fees are deemed earned.

In the event the Chapter 13 bankruptcy case has been filed, then any funds paid to the Standing Chapter 13 Trustee shall be subject to an attorney lien for unpaid fees in the

We are a federally designated debt relief agent, proudly helping people
file for relief under the Bankruptcy Code.
[10 of 12]



Initials



Chapter 13 and shall be applied to pay that unpaid amount, regardless of whether the case is dismissed before or after confirmation, or converted to a Chapter 7.

Included in the hours devoted is the time during the initial consultation and any subsequent consultation prior to the signing of this retainer agreement. Initial: _____

20.    **Transmissions by Email, Internet, Telephone or Fax are Neither Confidential Nor Deemed Time Sensitive.**

Please note that communication via email, internet, telephone or fax is unsecure from inception, so senders have no expectation of privacy. Such communication may be monitored by everybody. Consider the use of these forms of communication like a postcard that can be viewed by the world. Pursuant to Sengart v. Loving Care, the employer retains rights to any information that resides on their computer equipment. Therefore, you are advised not to use your employer's computers because such communications may not to be considered private or personal and you may have waived privilege. Similarly, by using a free email service, such as Google or Yahoo, you may be waiving your privilege because you are giving property rights to content to a third party in exchange for the use of the technology. Google's Terms of Service include the language, "By submitting, posting or displaying the content, you give Google a perpetual, irrevocable, worldwide, royalty-free, and non-exclusive license to reproduce, adapt, modify, translate, publish, publicly perform, publicly display and distribute any Content which you submit, post or display on or through, the Services."

21.    **Consumer Contact Disclosure and Use of Electronic Recording Device.**

We use an e-mail tracking service called readnotify.com. **Due to the volume of emails that arrive each day, you must have written verification from a Team Member that we received your correspondence.**

You agree, in order for us to represent you, we may contact you and leave messages by telephone at any telephone number associated with your account, including wireless telephone numbers, which could result in charges to you. We may also contact you by sending text messages or e-mails, using any e-mail address you provide to us.

You authorize the Law firm to electronically record all forms of communication.

We are a federally designated debt relief agent, proudly helping people file for relief under the Bankruptcy Code.
[11 of 12]



*Jonathan Stone*

ATTORNEY AT LAW

CERTIFIED PUBLIC ACCOUNTANT

22.    **Credit Card Use Prior to Filing for Bankruptcy.**

I have been advised that I am to immediately stop using credit cards for any reason within three months prior to filing for bankruptcy. I understand that if I do use my credit cards within this three month period, my case will be red-flagged by the credit card issuer. This is because §523(a)(2)(C) provides that consumer debt owed to a creditor totaling more than $600.00 for "luxury" goods and services may not be discharged if that debt was incurred within 90 days prior to the bankruptcy filing. Cash advances totaling more than $875.00 within 70 days prior to filing are also non-dischargeable in bankruptcy. Even if you have a defense, (i.e., that your purchases were not for "luxury" items but were for food or medical care) you may find yourself in expensive litigation, if the credit card issuer files a non-dischargability complaint.

23.    **Entire Agreement.**

This agreement constitutes the entire agreement between the parties with respect to the services to be provided by the Law Firm pursuant to this agreement. There are no other agreements, express, implied, written, oral or otherwise, except as expressly set forth herein. You understand that you are not protected under bankruptcy until your case is filed with the United States Bankruptcy Court for the District of New Jersey. You understand that bankruptcy is a negative against your credit and will be reported on my credit report for ten years. You have not been advised by the Law Firm to incur new debt to pay any fees for filing for bankruptcy. This agreement shall only be modified in writing signed by all parties. This agreement shall be binding upon your heirs, devisees, legatees, administrators, executors, successors and assignees. You have read this Agreement. The Law Firm has answered all of your questions and fully explained this Agreement to your complete satisfaction. You have been given a signed copy of the Agreement. I have read the entire agreement. I agree to retain Jonathan Stone, Esq., to represent me. I understand and agree to the terms as set forth above.

Dated: ____'2/19/11_____    By: _____
                                    Jonathan Stone, Esq.

Dated: ___12/19/11_____    Debtor: _____
                                    Ernest Frank De Lorenzo

Dated: ___2/20/12_____    Debtor: _____
                                    Marlene De Lorenzo

We are a federally designated debt relief agent, proudly helping people
file for relief under the Bankruptcy Code.
[12 of 12]

Initials

B 201A (Form 201A) (11/11)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total Fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $46 administrative fee: Total fee $1046)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
### District of New Jersey

In re  **Ernest Frank De Lorenzo**
**Marlene De Lorenzo**                                        Case No.
                                            Debtor(s)          Chapter       **13**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**Ernest Frank De Lorenzo**
**Marlene De Lorenzo**                              X  **/s/ Ernest F De Lorenzo**          **February 20, 2012**
Printed Name(s) of Debtor(s)                          Signature of Debtor                    Date

Case No. (if known) _____              X  **/s/ Marlene De Lorenzo**             **February 20, 2012**
                                                    Signature of Joint Debtor (if any)       Date

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

### United States Bankruptcy Court
#### District of New Jersey

In re  **Ernest Frank De Lorenzo**
      **Marlene De Lorenzo**

                  Debtor(s)

Case No.

Chapter    **13**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtors hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Date:  **February 20, 2012**

                         **/s/ Ernest F De Lorenzo**
                         **Ernest Frank De Lorenzo**
                         Signature of Debtor

Date:  **February 20, 2012**

                         **/s/ Marlene De Lorenzo**
                         **Marlene De Lorenzo**
                         Signature of Debtor

Bank Of America
Attention: Recovery Department
4161 Peidmont Pkwy.
Greensboro, NC 27410


Bank Of America
Po Box 982238
El Paso, TX 79998


Chase
Chase Card Services
Po Box 15298
Wilmington, DE 19850


Chase
Po Box 901039
Fort Worth, TX 76101


ChexSystems
7805 Hudson Road
Suite 100
Woodbury, MN 55125


Equifax Credit Information Services, Inc
PO Box 740241
Atlanta, GA 30374


Experian
4 Gatehill Drive
3rd Floor
Parsippany, NJ 07054


Fia Csna/Bank of America
Attn: Bankruptcy
Po Box 15021
Wilmington, DE 19850


Fia Csna/Bank of America
Po Box 982238
El Paso, TX 79998


Garden Savings Fcu
129 Littleton Rd
Parsippany, NJ 07054

```
Hsbc Bank
Attn: Bankruptcy
Po Box 5213
Carol Stream, IL 60197


Hsbc Bank
Po Box 5253
Carol Stream, IL 60197


Hsbc/bontn
Hsbc Retail Services/Attn: Bankruptcy
Po Box 5213
Carol Stream, IL 60197


Hsbc/bontn
Po Box 15221
Wilmington, DE 19850


Integra Management Corporation
200 Valley Road, Suite 203
Mount Arlington, NJ 07856


Sams Club / GEMB
Attention: Bankruptcy Department
Po Box 103104
Roswell, GA 30076


Sams Club / GEMB
Po Box 965005
Orlando, FL 32896


Sovereign Bk
Mc: 10-6438-Cc7
601 Penn St.
Reading, PA 19601


Sovereign Bk
865 Brook St
Rocky Hill, CT 06067


Transunion
2 Baldwin Place
PO Box 2000
Chester, PA 19022
```

Us Bank Home Mortgage
777 E Wisconsin
Milwaukee, WI 53202


Wells Fargo Bank
Po Box 14517
Des Moines, IA 50306

B22C (Official Form 22C) (Chapter 13) (12/10)

In re **Ernest Frank De Lorenzo**
     **Marlene De Lorenzo**
                Debtor(s)

Case Number: _____
                    (If known)

According to the calculations required by this statement:
- ☑ **The applicable commitment period is 3 years.**
- ☐ **The applicable commitment period is 5 years.**
- ☐ **Disposable income is determined under § 1325(b)(3).**
- ☑ **Disposable income is not determined under § 1325(b)(3).**

(Check the boxes as directed in Lines 17 and 23 of this statement.)

# CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
# AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| | **Part I. REPORT OF INCOME** | | |
|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>b. ☑ Married. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A**<br>Debtor's Income | **Column B**<br>Spouse's Income |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $         0.00 | $         0.00 |
| 3 | **Income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.**<br><table><tr><td></td><td></td><td>Debtor</td><td>Spouse</td></tr><tr><td>a.</td><td>Gross receipts</td><td>$ 375.00</td><td>$ 0.00</td></tr><tr><td>b.</td><td>Ordinary and necessary business expenses</td><td>$ 0.00</td><td>$ 0.00</td></tr><tr><td>c.</td><td>Business income</td><td colspan="2">Subtract Line b from Line a</td></tr></table> | $       375.00 | $         0.00 |
| 4 | **Rents and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.**<br><table><tr><td></td><td></td><td>Debtor</td><td>Spouse</td></tr><tr><td>a.</td><td>Gross receipts</td><td>$ 0.00</td><td>$ 0.00</td></tr><tr><td>b.</td><td>Ordinary and necessary operating expenses</td><td>$ 0.00</td><td>$ 0.00</td></tr><tr><td>c.</td><td>Rent and other real property income</td><td colspan="2">Subtract Line b from Line a</td></tr></table> | $         0.00 | $         0.00 |
| 5 | **Interest, dividends, and royalties.** | $         0.00 | $         0.00 |
| 6 | **Pension and retirement income.** | $     1,250.33 | $         0.00 |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $         0.00 | $         0.00 |
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><table><tr><td>Unemployment compensation claimed to be a benefit under the Social Security Act</td><td>Debtor $ 0.00</td><td>Spouse $ 0.00</td></tr></table> | $         0.00 | $         0.00 |

B22C (Official Form 22C) (Chapter 13) (12/10)    2

| 9 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse, but include all other payments of alimony or separate maintenance. Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | |
|---|---|---|---|
| | | Debtor | Spouse |
| | a. | $ | $ |
| | b. | $ | $ |
| | | | $ **0.00** $ **0.00** |

| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | $ **1,625.33** $ **0.00** |
|---|---|---|
| 11 | **Total.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | $ **1,625.33** |

**Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD**

| 12 | **Enter the amount from Line 11** | $ **1,625.33** |
|---|---|---|
| 13 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | |
| | a. $ | |
| | b. $ | |
| | c. $ | |
| | Total and enter on Line 13 | $ **0.00** |
| 14 | **Subtract Line 13 from Line 12 and enter the result.** | $ **1,625.33** |
| 15 | **Annualized current monthly income for § 1325(b)(4).** Multiply the amount from Line 14 by the number 12 and enter the result. | $ **19,503.96** |
| 16 | **Applicable median family income.** Enter the median family income for applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | |
| | a. Enter debtor's state of residence:  **NJ**   b. Enter debtor's household size:  **2** | $ **67,503.00** |
| 17 | **Application of § 1325(b)(4).** Check the applicable box and proceed as directed.<br><br>■ **The amount on Line 15 is less than the amount on Line 16.** Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement.<br><br>☐ **The amount on Line 15 is not less than the amount on Line 16.** Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | |

**Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME**

| 18 | **Enter the amount from Line 11.** | $ **1,625.33** |
|---|---|---|
| 19 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income(such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | |
| | a. $ | |
| | b. $ | |
| | c. $ | |
| | Total and enter on Line 19. | $ **0.00** |
| 20 | **Current monthly income for § 1325(b)(3).** Subtract Line 19 from Line 18 and enter the result. | $ **1,625.33** |

B22C (Official Form 22C) (Chapter 13) (12/10)

3

| 21 | **Annualized current monthly income for § 1325(b)(3).** Multiply the amount from Line 20 by the number 12 and enter the result. | $ | **19,503.96** |
|---|---|---|---|
| 22 | **Applicable median family income.** Enter the amount from Line 16. | $ | **67,503.00** |

| 23 | **Application of § 1325(b)(3).** Check the applicable box and proceed as directed. <br><br> ☐ **The amount on Line 21 is more than the amount on Line 22.** Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement. <br><br> ■ **The amount on Line 21 is not more than the amount on Line 22.** Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. **Do not complete Parts IV, V, or VI.** |
|---|---|

## Part IV. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24A | **National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous.** Enter in Line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable number of persons.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | | | $ |
|---|---|---|---|---|

| 24B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B. | | | | |
|---|---|---|---|---|---|

| **Persons under 65 years of age** | | **Persons 65 years of age or older** | | |
|---|---|---|---|---|
| a1. | Allowance per person | | a2. | Allowance per person | |
| b1. | Number of persons | | b2. | Number of persons | |
| c1. | Subtotal | | c2. | Subtotal | | $ |

| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | | | $ |
|---|---|---|---|---|

| 25B | **Local Standards: housing and utilities; mortgage/rent expense.**  Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B.  **Do not enter an amount less than zero.** | | |
|---|---|---|---|
| | a. | IRS Housing and Utilities Standards; mortgage/rent expense | $ | |
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $ | |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ |

| 26 | **Local Standards: housing and utilities; adjustment.**  If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | | | $ |
|---|---|---|---|---|

B22C (Official Form 22C) (Chapter 13) (12/10)                                                                                              **4**

| | |
|---|---|
| **27A** | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7. ☐ 0   ☐ 1   ☐ 2 or more.<br><br>If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation.  If you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  $ |
| **27B** | **Local Standards: transportation; additional public transportation expense.**  If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 27B the "Public Transportation" amount from the IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  $ |
| **28** | **Local Standards: transportation ownership/lease expense; Vehicle 1.**  Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1   ☐ 2 or more.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28.  **Do not enter an amount less than zero.**<br><br>  $ |

| | | |
|---|---|---|
| a. | IRS Transportation Standards, Ownership Costs | $ |
| b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | $ |
| c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. |

| | |
|---|---|
| **29** | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 28.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29.  **Do not enter an amount less than zero.** |

| | | |
|---|---|---|
| a. | IRS Transportation Standards, Ownership Costs | $ |
| b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 | $ |
| c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a.   $ |

| | |
|---|---|
| **30** | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.**  $ |
| **31** | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs.  **Do not include discretionary amounts, such as voluntary 401(k) contributions.**  $ |
| **32** | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself.  **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.**  $ |
| **33** | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments.  **Do not include payments on past due obligations included in line 49.**  $ |
| **34** | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available.  $ |
| **35** | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool.  **Do not include other educational payments.**  $ |
| **36** | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 24B.  **Do not include payments for health insurance or health savings accounts listed in Line 39.**  $ |

B22C (Official Form 22C) (Chapter 13) (12/10)                                                                    5

| 37 | **Other Necessary Expenses: telecommunication services.**  Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service-to the extent necessary for your health and welfare or that of your dependents.  **Do not include any amount previously deducted.** | $ |
|----|----|----|
| 38 | **Total Expenses Allowed under IRS Standards.**  Enter the total of Lines 24 through 37. | $ |

<table>
<tr><td colspan="3" align="center"><b>Subpart B: Additional Living Expense Deductions</b><br><b>Note: Do not include any expenses that you have listed in Lines 24-37</b></td></tr>
<tr>
<td>39</td>
<td><b>Health Insurance, Disability Insurance, and Health Savings Account Expenses.</b>  List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents.<br><br>
<table>
<tr><td>a.</td><td>Health Insurance</td><td>$</td></tr>
<tr><td>b.</td><td>Disability Insurance</td><td>$</td></tr>
<tr><td>c.</td><td>Health Savings Account</td><td>$</td></tr>
</table>
Total and enter on Line 39<br><br>
<b>If you do not actually expend this total amount,</b> state your actual total average monthly expenditures in the space below:<br>
$</td>
<td>$</td>
</tr>
<tr>
<td>40</td>
<td><b>Continued contributions to the care of household or family members.</b>  Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. <b>Do not include payments listed in Line 34.</b></td>
<td>$</td>
</tr>
<tr>
<td>41</td>
<td><b>Protection against family violence.</b> Enter the total average reasonably necessary monthly expenses that you actually incur to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court.</td>
<td>$</td>
</tr>
<tr>
<td>42</td>
<td><b>Home energy costs.</b>  Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities that you actually expend for home energy costs. <b>You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.</b></td>
<td>$</td>
</tr>
<tr>
<td>43</td>
<td><b>Education expenses for dependent children under 18.</b>  Enter the total average monthly expenses that you actually incur, not to exceed $147.92 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. <b>You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.</b></td>
<td>$</td>
</tr>
<tr>
<td>44</td>
<td><b>Additional food and clothing expense.</b> Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  <b>You must demonstrate that the additional amount claimed is reasonable and necessary.</b></td>
<td>$</td>
</tr>
<tr>
<td>45</td>
<td><b>Charitable contributions.</b> Enter the amount reasonably necessary for you to expend each month on charitable contributions in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). <b>Do not include any amount in excess of 15% of your gross monthly income.</b></td>
<td>$</td>
</tr>
<tr>
<td>46</td>
<td><b>Total Additional Expense Deductions under § 707(b).</b>  Enter the total of Lines 39 through 45.</td>
<td>$</td>
</tr>
</table>

B22C (Official Form 22C) (Chapter 13) (12/10)                                                                  6

| | **Subpart C: Deductions for Debt Payment** | | | |
|---|---|---|---|---|
| 47 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 47. | | | |

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance |
|---|---|---|---|---|
| a. | | | $ | ☐yes ☐no |
| | | | Total: Add Lines | $ |

| 48 | **Other payments on secured claims.** If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. |
|---|---|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| | | | Total: Add Lines | $ |

| 49 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 33.** | $ |
|---|---|---|

| 50 | **Chapter 13 administrative expenses.** Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | |
|---|---|---|

| a. | Projected average monthly Chapter 13 plan payment. | $ | |
|---|---|---|---|
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x | |
| c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b | $ |

| 51 | **Total Deductions for Debt Payment.** Enter the total of Lines 47 through 50. | $ |
|---|---|---|

| | **Subpart D: Total Deductions from Income** | |
|---|---|---|
| 52 | **Total of all deductions from income.** Enter the total of Lines 38, 46, and 51. | $ |

| | **Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)** | |
|---|---|---|
| 53 | **Total current monthly income.** Enter the amount from Line 20. | $ |
| 54 | **Support income.** Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $ |
| 55 | **Qualified retirement deductions.** Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | $ |
| 56 | **Total of all deductions allowed under § 707(b)(2).** Enter the amount from Line 52. | $ |

B22C (Official Form 22C) (Chapter 13) (12/10)                                                                 7

| 57 | **Deduction for special circumstances.** If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page. Total the expenses and enter the total in Line 57. **You must provide your case trustee with documentation of these expenses and you must provide a detailed explanation of the special circumstances that make such expense necessary and reasonable.** | |
|---|---|---|
| | Nature of special circumstances | Amount of Expense |
| | a. | $ |
| | b. | $ |
| | c. | $ |
| | | Total:  Add Lines | $ |
| 58 | **Total adjustments to determine disposable income.** Add the amounts on Lines 54, 55, 56, and 57 and enter the result. | $ |
| 59 | **Monthly Disposable Income Under § 1325(b)(2).** Subtract Line 58 from Line 53 and enter the result. | $ |

## Part VI. ADDITIONAL EXPENSE CLAIMS

| 60 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. | |
|---|---|---|
| | Expense Description | Monthly Amount |
| | a. | $ |
| | b. | $ |
| | c. | $ |
| | d. | $ |
| | Total: Add Lines a, b, c and d | $ |

## Part VII. VERIFICATION

| 61 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)*<br><br>Date:  __February 20, 2012__      Signature:  __/s/ Ernest F De Lorenzo__<br>                                                                  **Ernest Frank De Lorenzo**<br>                                                                    (Debtor)<br><br>Date:  __February 20, 2012__      Signature  __/s/ Marlene De Lorenzo__<br>                                                                  **Marlene De Lorenzo**<br>                                                                  (Joint Debtor, if any) |

2/20/12 2:13PM

B22C (Official Form 22C) (Chapter 13) (12/10)                                                                    8

# Current Monthly Income Details for the Debtor

**Debtor Income Details:**
Income for the Period **08/01/2011** to **01/31/2012**.

**Line 3 - Income from operation of a business, profession, or farm**
Source of Income: **Profit and Loss Reports**
Income/Expense/Net by Month:

|                    | Date       | Income    | Expense  | Net       |
|--------------------|------------|-----------|----------|-----------|
| 6 Months Ago:      | 08/2011    | $750.00   | $0.00    | $750.00   |
| 5 Months Ago:      | 09/2011    | $500.00   | $0.00    | $500.00   |
| 4 Months Ago:      | 10/2011    | $500.00   | $0.00    | $500.00   |
| 3 Months Ago:      | 11/2011    | $500.00   | $0.00    | $500.00   |
| 2 Months Ago:      | 12/2011    | $0.00     | $0.00    | $0.00     |
| Last Month:        | 01/2012    | $0.00     | $0.00    | $0.00     |
| Average per month: |            | $375.00   | $0.00    |           |
|                    |            | Average Monthly NET Income: |  | $375.00 |

**Line 6 - Pension and retirement income**
Source of Income: **ALA Industry Pension 1099-R**
Constant income of **$515.56** per month.

**Line 6 - Pension and retirement income**
Source of Income: **Inter-Local Pension 1099-R**
Constant income of **$734.77** per month.

**Non-CMI - Social Security Act Income**
Source of Income: **Social Security Statement**
Constant income of **$1,897.50** per month.

2/20/12  2:13PM

B22C (Official Form 22C) (Chapter 13) (12/10)

**9**

## Current Monthly Income Details for the Debtor's Spouse

**Spouse Income Details**:
Income for the Period **08/01/2011** to **01/31/2012**.

**Non-CMI - Social Security Act Income**
Source of Income: **Social Security Statement**
Constant income of **$760.50** per month.